## WILLIAMS v. SUMMIT COUNTY.

No. 2317.   Decided May 10, 1912 (123 Pac. 938).

1. MUNICIPAL CORPORATIONS—IMPOSITION OF TAXES—ORDINANCES—MODIFICATION. Where an ordinance is necessary to authorize a municipality to impose a tax, either general or special, an ordinance imposing a tax can only be amended or repealed by the adoption of another ordinance with same formalities required to adopt the original. (Page 75.)

2. INTOXICATING LIQUORS—LICENSE FEES—RATES—STATUTORY AUTHORITY. Comp. Laws 1907, sec. 511, subd. 11, authorizing the county commissioners to fix the rates of license taxes, is general, and applies to all occupations and callings on which a license tax may be imposed; but section 1244, requiring the board of county commissioners to determine the amount of a liquor license tax after the filing of a petition for a license, statement, and bond, controls the fixing of a liquor license tax. (Page 76.)

3. MUNICIPAL CORPORATIONS — LICENSES — STATUTORY AUTHORITY. Where Comp. Laws 1907, sec. 1244, requiring the board of county commissioners to fix a liquor license tax at not less than $400 for a year after the filing of a petition, statement, and bond in proceedings for the granting of a liquor license, was amended and re-enacted by Laws 1907, chap. 74, after the commissioners of the county had adopted an ordinance fixing the amount of a liquor license fee at one hundred dollars per quarter, the commissioners must thereafter impose a license fee as provided by the statute as amended, and not as provided by any ordinance; and, after the filing of a petition for a liquor license, statement, and bond, the commissioners could fix the amount of the fee, subject to the statutory limitation. (Page 77.)

4. INTOXICATING LIQUORS—LICENSE FEES—"PAYMENT UNDER PROTEST"—STATUTES. Where a liquor license fee was not imposed without authority or contrary to law, a payment of the fee under protest was not within Comp. Laws 1907, sec. 2684, authorizing the recovery of licenses unlawfully imposed. (Page 78.)

5. INTOXICATING LIQUORS—LICENSE FEE—PAYMENT UNDER PROTEST—STATUTES. Evidence *held* to support a finding that a payment of a liquor license fee was not made under protest, within Comp. Laws 1907, sec. 2684, authorizing the recovery of license fees paid under protest. (Page 78.)

APPEAL from District Court, Third District; *Hon. George G. Armstrong,* Judge.

Action by Joseph Williams against Summit County.

Judgment for defendant. Plaintiff appeals.

AFFIRMED.

*Evans & Evans* for appellant.

*J. E. Johnson* and *King & Nibley* for respondent.

FRICK, C. J.

This action was brought to recover back a license fee paid to obtain a license to sell intoxicating liquors, which fee, it is alleged in the complaint, was paid under protest.

The complaint contains eight causes of action covering a period from July 1, 1907, to October 15, 1909, during which time, it is alleged, appellant made eight quarterly applications to the board of commissioners of Summit County, Utah, for a "saloon keeper's license" to sell intoxicating liquors at Kamas, in said county. It is also alleged that under an ordinance in force in said county the license fee was fixed at $100 for each quarter, payable in advance; that said commissioners demanded from appellant the sum of $300 for each quarter before they would issue a license, and that, in order to obtain a license for the purpose aforesaid, he was required to pay, and did pay, said sum of $300 for each quarter in advance; that the sum of $200 of said amount "was in excess of the amount for which plaintiff was legally liable" for each quarter, and that he paid the sum of $200 under protest for every quarter from July, 1907, to October, 1909; that of the amount so paid under protest to said commissioners they refunded to appellant all in excess of $1216.65, which sum they retained, and which sum is in excess of the amount legally required to be paid by him for the quarterly licenses aforesaid. Appellant therefore prayed judgment for said amount, with interest and costs.

The county filed an answer, in which, after admitting the quarterly payments, it denied all other allegations contained in the complaint.

The action is based on Comp. Laws 1907, section 2684, which reads as follows:

"In all cases of levy of taxes, licenses, or other demands for public revenue which is deemed unlawful by the party whose property is thus taxed, or from whom such tax or license is demanded or enforced, such party may pay under protest such tax or license, or any part thereof deemed un-

lawful, to the officers designated and authorized by law to collect the same; and thereupon the party so paying or his legal representative may bring an action in any court of competent jurisdiction against the officer to whom said tax or license was paid, or against, the county or municipality on whose behalf the same was collected, to recover said tax or license or any portion thereof paid under protest."

At the trial, it was made to appear by appellant that the county commissioners of Summit County, some time prior to 1907 (when does not appear), had adopted an ordinance, whereby the quarterly license fee for a license to sell intoxicating liquors as a beverage was fixed at $100 for each quarter, payable in advance; that in the year 1907 the commissioners sought to amend the ordinance by increasing the fee from $100 to $300 for each quarter, payable in advance; but in publishing the ordinance as amended the statute was not complied with, in that the names of the commissioners who voted for and against the ordinance were not published. The amendment was therefore not legally adopted. Appellant contends that the old ordinance remained in force, and that all that the commissioners could legally exact from him for a quarterly license was the sum of $100 for each quarter until the ordinance was legally repealed, which, he insists, was not done at any time during the period for which the excessive payments were made. Conceding the contention that the ordinance fixing the quarterly license fee at $100 was not legally modified or amended, the question still remains whether any part of the quarterly license fee of $300, which appellant was required to pay for the license, was illegal and within the provisions of section 2684, *supra*.

It undoubtedly is the law, as contended for by appellant's counsel, that, where an ordinance is necessary to confer authority to do a certain act or to impose a certain tax, either general or special, such an ordinance can only be changed, amended, or repealed by the adoption of another ordinance, which must be done with the same legal formalities as were required to adopt the one sought to be

amended or repealed. If this be not done, the original remains in force.

Under the law in force in this state, the county commissioners were not required to adopt an ordinance for the purpose of fixing the amount of the quarterly license fee. Comp. Laws 1907, section 511, subd. 11, provides that the county commissioners shall "fix the rates of license tax." This is, however, a general provision, and applies to all occupations and callings upon which a license tax may be imposed, of which there are a large number in this state. At the time of the transactions involved here, we also had a special statute, which referred to and governed how, when, and in what manner the license fee for conducting a saloon should be determined and fixed. The statute referred to, so far as material here, provided:

"The board of county commissioners, . . . after the petition, statement and bond have been filed as required in the preceding section, shall determine the amount to be paid for the license prayed for, which shall be at a rate not less than $400 for the period of one year."

It was further provided in said section that the amount fixed should be uniform with respect to all engaged in the same business or class, and that no license should be issued for a longer period than one year, nor for a shorter period than three months, unless it was issued during the last quarter of the year; and in such event it should not extend beyond the end of the year. (Comp. Laws 1907, section 1244.) In the preceding section, the conditions upon which a license could be granted were provided for, among which were that a a petition and a statement containing certain facts had to be filed, and that a bond of not less than $500 was to be filed and approved. From what we have quoted from section 1244, it appears that the county commissioners were required to fix the amount of the license fee to be paid *after* the petition, statement, and bond required by law had been filed, and that they could fix the amount in any sum not less than $400 for a full year.

Assuming, therefore, that the board of commissioners of Summit County at some time did fix the amount of the license fee by ordinance for their convenience, was such an ordinance binding upon all future boards of commissioners? If a license fee had been imposed by an ordinance, or the amount thereof had been by law required to be fixed by ordinance, then, no doubt, such ordinance would have controlled. Is this the case, however, where, as here, **3** there was a special statute which provided just when and how the amount of a license fee must be fixed? Moreover, section 1244, *supra*, was amended and re-enacted in March, 1907 (Laws 1907, chap. 74), which was after the original ordinance referred to was adopted. While the amendment thus made did not change the manner or time of fixing the amount of the license fee, yet the fact that there was an amendment is important, because it conclusively shows that the legislature at all times reserved the right to determine when and how and upon what conditions the license fee should be fixed by the board of commissioners. The board was therefore required to impose and collect a license fee as provided by statute, and not as provided by any ordinance. The fixing of the sum of $100 as the amount to be charged for a license for one quarter by the ordinance in question was no more binding upon the commissioners, in determining the amount to be charged for a license in the future, than any other method of determining the amount would have been. The fact that the commissioners, by resolution, or in any other manner, had determined what the amount for a license should be for one quarter could not prevent them from fixing some other amount, more or less, if within the terms of the statute, for any future quarter or new application for a license. The ordinance fixing the amount at $100 could not deprive the commissioners of their duty to comply with the statute. We are therefore of the opinion that, inasmuch as the board imposed, fixed, and collected the license fee in accordance with the terms of the statute it cannot legally be charged with having imposed and collected an illegal license fee, notwithstanding

the fact that there may have been an ordinance to the contrary. Appellant does not contend that the license was imposed, or that the fee was fixed contrary to the statute; but his whole claim is based upon the fact that the fee was in excess of the amount fixed by the ordinance adopted some time prior to the year 1907.

Counsel have referred us to no case where it was held that, where an ordinance is adopted upon a subject which is not required to be regulated by ordinance, and where such subject is controlled by special statute, the ordinance is in effect, although the provisions of the ordinance may be within the terms of the statute. All that counsel contend for, and all that is decided by the cases referred to by them, in substance, is that, where a matter is required to be regulated by ordinance, the ordinance controls such matter; and if an act, regulated as aforesaid, is done or attempted to be done contrary to the provisions of the ordinance, such act ordinarily is illegal. In view of the facts and circumstances, it is clear that the doctrine of those cases has no application to the case at bar.

Assuming, therefore, that appellant paid the license fee under protest, yet the fee was not imposed without authority, or contrary to law, and therefore not within the provisions of section 2684, *supra;* and hence he is not entitled to recover the money from the county.

If our conclusions are wrong so far, there is still another reason why appellant must fail. Although it were conceded that the amount claimed by appellant was illegally imposed and collected, yet he cannot recover, unless he has proved that he paid the same under protest, as required by section 2684, *supra.* The court found that the payments were not made under protest, within the purview of said section. The finding is assailed as not supported by the evidence. If appellant's evidence were considered alone, it may be that under ordinary circumstances a finding that the amount in excess of $100 was paid under protest might be justified. Under the circumstances of this case, and in view of all the evidence, we are clearly of the

opinion that the finding of the court that the license fee was not paid under protest was not only justified, but we doubt whether a finding to the contrary would be justified. The burden of all of appellant's objections at all times was that the amount demanded by the commissioners was more than he could afford to pay, and not that it was exacted illegally, or in excess of the amount permitted by law. Moreover, he knew all about the facts and circumstances relating to the publication of the amended ordinance, whereby the fee was sought to be changed from $100 for each quarter to $300 for the same period of time. If appellant then thought that he was legally entitled to a license under the old ordinance, why did he not tender a fee of $100, and bring an action requiring the commissioners to issue him a license for that amount? No doubt he did not do so, because he could not have prevailed in such an action, for the reason that under the law of this state the commissioners could legally impose a license fee of any sum not less than $400 for a whole year. If he was not legally entitled to a license for $100 for a quarter, we cannot see how he can now recover all in excess of that amount under the claim that he paid under protest. In order to entitle one to recover back any license or tax paid under protest, such license or tax must be illegal, or imposed without authority of law. As we have seen, such is not the case here.

There is another circumstance which tends to establish the fact that appellant did not consider the license fee illegal. As we have pointed out, all his objections were directed to the amount, and not to the legality, of the license fee. At each quarterly session of the board of commissioners, he seems to have insisted that he could not afford to pay so large a fee. The commissioners had often informed him, as they had a legal right to do, that they would not issue a license for less than the amount of $300 for a quarter. He accordingly paid it, and continued on in the saloon business. If his business did not warrant the payment of the amount, he should not have paid it. After each payment, except the last two, the commissioners refunded to him a certain amount

after the license was issued by drawing a warrant on the treasurer for the amount refunded. This was not done, however, because it was deemed, either by appellant or the commissioners, that the fee was illegal, but because appellant claimed that he could not afford to pay the full amount. We are convinced that the appellant at no time regarded the license fee exacted from him as illegal, but that he did regard it as more than he should be called on to pay. Such a reason affords no ground whatever for refunding the license fee, and the trial court was right in refusing to allow a recovery.

The judgment is affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.